FILED

JUL 29 2013

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
DEPUTY CLERK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>REAL PROPERTY LOCATED AND )<br>SITUATED AT 1019 FAIRWAY, KYLE, )<br>HAYS COUNTY, TEXAS 78640, )<br>)<br>Respondent. ) | CIVIL ACTION NO. SA-12-CA-822-OLG |

## DEFAULT JUDGMENT OF FORFEITURE

Petitioner, United States of America, has motioned this Court, pursuant to the provisions of Fed. R. Civ. P. 55(b)(2), for entry of a Default Judgment of Forfeiture in favor of Petitioner, United States of America, against the **Real Property located and situated at 1019 Fairway, Kyle, Hays County, Texas 78640**, with all buildings, appurtenances, and improvements thereon and any and all surface and sub-surface rights, title and interests, if any, and being more fully described as follows:

> Lot Twenty Three (23), Block D, Plum Creek Phase I, Section 4, Subdivision, a Subdivision in Hays County, Texas, according to the map or plat thereof recorded in Volume 9, Page 364, Plat Records, Hays County, Texas. RESERVATIONS FROM AND EXCEPTIONS TO CONVEYANCE AND WARRANTY FOR ALL OF THE AFOREMENTIONED REAL PROPERTY: Easements, rights-of-way, and prescriptive rights, whether of record or not; all presently recorded instruments, other than liens and conveyances, that affect the property,

hereinafter together referred to as the Respondent Real Property, and against any and all right, title, and interest of Sindy Chapa, Tomas Yarrington, and any and all other potential claimants in the Respondent Real Property, save and except for the valid interests of First National Bank and Hays

County, Texas Taxing Authorities.

The Court finds that Petitioner has proven by a preponderance of the evidence that there is a nexus between the Respondent Real Property and the violations of Title 18 U.S.C. §§ 1956 and 1957, and that the Respondent Real Property is subject to forfeiture to the United States of America pursuant to Title 18 U.S.C. §§ 981(a)(1)(A) and (C); that a Verified Complaint for Forfeiture (Doc. 1) was filed on September 4, 2012; and that the following persons have been served with notice of this civil forfeiture action, to wit: Sindy Chapa; First National Bank; Tomas Yarrington, by and through his attorney, Joel M. Androphy; Hays County Tax Assessor/Collector; and Hays County Appraisal District. All other potential claimants have been adequately served by publication of public notice.

The Court further finds that no other claims nor answers have been filed in this cause of action as required by Rule G, Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, save and except for the valid claims and answers filed by First National Bank, and Hays County, Texas Taxing Authorities. As such, Sindy Chapa, Tomas Yarrington, and any and all other potential claimants are all now in default and this Court, being duly and fully apprised in all the premises, is of the opinion that Petitioner's Motion is well-founded and should be, and hereby is, in all things GRANTED. IT IS THEREFORE

ORDERED that a Default Judgment of Forfeiture be, and hereby is, entered against the Respondent Real Property; and IT IS FURTHER

ORDERED that any and all right, title, and interest of Sindy Chapa and Tomas Yarrington in the Respondent Real Property be, and hereby is, held in default and FORFEITED to the United States of America; and IT IS FURTHER

ORDERED that any and all right, title, and interest of any and all other potential claimants in the Respondent Real Property be, and hereby is, held in default and FORFEITED to the United States of America; and IT IS FURTHER

ORDERED that the Respondent Real Property be, and hereby is, FORFEITED to the United States of America; and IT IS FURTHER

ORDERED that the Internal Revenue Service, and/or its designated agent, shall seize and take custody and control of the Respondent Real Property and shall liquidate and dispose of the Respondent Real Property in accordance with law; and IT IS FURTHER

ORDERED that upon liquidation, the Internal Revenue Service shall be reimbursed for any and all costs and expenses incurred as a result of the seizure, forfeiture, custody, liquidation and disposal of the Respondent Real Property; and IT IS FURTHER

ORDERED that upon liquidation, the Internal Revenue Service, and/or its designated agent, shall pay any and all ad valorem taxes that may be due and owing against the Respondent Real Property; and IT IS FURTHER

ORDERED that upon liquidation, the Internal Revenue Service, and/or its designated agent, shall pay to First National Bank the outstanding balance due and owing on the mortgage lien recorded against the Respondent Real Property.

IT IS SO ORDERED.

SIGNED the 29 day of July, 2013.

_____
ORLANDO L. GARCIA
United States District Judge